J-A09012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LINDSAY ERIN ORTON-MCINTYRE | : | |
| | : | |
| Appellant | : | No. 1174 WDA 2024 |

Appeal from the PCRA Order Entered September 12, 2024
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001252-2021


BEFORE:  KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: June 10, 2025**

Lindsey Erin Orton-McIntyre appeals *pro se* from the order denying her second petition under the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  For the reasons that follow, we affirm.

The PCRA court summarized the pertinent facts as follows:

> On July 22, 2020, a North East Police Department patrol officer was dispatched to [Orton-McIntyre's] apartment to check the welfare of [K.M., Orton-McIntyre's] four-week old infant.  Upon arrival, the [p]atrolman found [K.M.] to be listless and unresponsive.  [K.M.] was immediately transported to UPMC Hamot in Erie, Pennsylvania and then due to [K.M's] critical injuries, she was transferred to UPMC Children's Hospital of Pittsburgh.  K.M. was found to have intracranial hemorrhaging and a transverse radius fracture.  Upon further assessment, K.M. had a fracture of her right forearm, injury to her cervical spine, brain swelling and bleeding, retinal hemorrhaging, and was suffering strokes.  Tragically, K.M. succumbed to her injuries on July 28, 2020.

PCRA Court Opinion, 11/13/24, at 1.

Following her arrest, the Commonwealth charged Orton-McIntyre with criminal homicide, endangering the welfare of a child, and aggravated assault. A jury trial was scheduled for October 2021. At a status conference in September 2021, however, Orton-McIntyre moved for a continuance and application for funds to allow the procurement of a "pediatric expert" and to allow for a potential psychiatric evaluation. The trial court granted the motion. Thereafter, Orton-McIntyre's trial was continued twice so that defense counsel could review the voluminous discovery. Ultimately, Orton-McIntyre's trial was scheduled for August 12, 2022.

The day before trial was scheduled to begin, Orton-McIntyre entered an open guilty plea to third-degree murder in return for the Commonwealth's dismissal of the remaining charges. On October 10, 2022, the trial court imposed a sentence of ten to twenty years of imprisonment.

On October 27, 2022, Orton-McIntyre's trial counsel filed a petition to withdraw and for an extension of time for Orton-McIntyre to file a *pro se* appeal. In this petition, trial counsel referenced a letter that Orton-McIntyre filed with the county clerk of courts stating that she wanted to file an appeal, but wanted a new attorney to assist her in the appellate process. On November 2, 2022, the trial court granted trial counsel permission to withdraw and provided Orton-McIntyre forty-five days in which to file an appeal.

Orton-McIntyre filed neither a post-sentence motion nor a direct appeal.[1] Instead, on November 28, 2022, she filed a "Motion to Vacate Conviction," in which she raised multiple claims of ineffective assistance. The court treated this filing as a PCRA petition and appointed counsel. On February 21, 2023, PCRA counsel filed a no-merit letter and petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On March 20, 2022, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Orton-McIntyre's petition without a hearing. Orton-McIntyre did not file a response. On April 17, 2023, the PCRA court denied the petition. Thereafter, PCRA counsel was permitted to withdraw by separate order. Orton-McIntyre did not appeal.

On June 26, 2024, Orton-McIntyre filed the *pro se* PCRA petition at issue, her second. On August 1, 2024, the PCRA court issued a Criminal Rule 907 notice of its intent to dismiss Orton-McIntyre's petition without a hearing. Orton McIntyre filed a response. By order entered September 12, 2024, the PCRA court dismissed Orton-McIntyre's second petition as untimely and otherwise without merit. This timely appeal followed. Both Orton-McIntyre and the PCRA court have complied with Appellate Rule 1925.

---

[1] Logan Blaize Miller, K.M.'s father, also pled guilty to third-degree murder. His conviction was affirmed on appeal. **See Commonwealth v. Miller**, 307 A.3d 695 (Pa. Super. 2023) (non-precedential decision).

Orton-McIntyre raises the following issues on appeal:

A. Whether the PCRA Court erred when it did not grant relief on the [PCRA] Petition that alleged Trial and [PCRA] Counsel were ineffective?

B. Whether the PCRA court erred when it did not grant relief on the [PCRA] Petition that alleged ineffective counsel as inducement to plead guilty?

Orton-McIntyre's Brief at 4.

Before addressing these claims, however, we must first determine whether the PCRA court correctly concluded that Orton-McIntyre's second PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met. The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower

court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Orton-McIntyre's judgment of sentence became final on November 9, 2022, thirty days after the time for filing an appeal to this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, Orton-McIntyre had until November 9, 2023, to file a timely petition. Because Orton-McIntyre filed the petition at issue in June 2024, it is untimely, unless she has satisfied her burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Orton-McIntyre has failed to plead and prove an exception to the PCRA's time bar. In her second PCRA petition, Orton-McIntyre alleged that she could establish the newly-discovered fact exception. 42 Pa.C.S.A. § 9545(b)(1)(ii). According to Orton-McIntyre, in October 2023, while working at the prison law library, she discovered a report published by the Innocence Project which "stated the diagnosis of [shaken baby syndrome/abusive head trauma] was

insufficient and unreliable." Orton-McIntyre's Brief, at 7. Orton-McIntyre then contends that trial counsel "failed to object to the prosecution's expert testimony and moved [sic] for it to be inadmissible." *Id.*[2]

Here, the PCRA court found that Orton-McIntyre's petition contained "no new facts," and that her second petition "was duplicative of her first PCRA [petition] with the addition of a claim of ineffective assistance of PCRA counsel." PCRA Court Opinion, 11/13/24, at 3. We agree.

Following our review, it is clear that Orton-McIntyre proposed this recently discovered report as additional support to relitigate the claim in her prior petition that trial counsel was ineffective for failing to fully investigate a defense and advising her to enter a guilty plea. As noted above, Orton-McIntyre did not appeal the denial of her first petition. Moreover, claims of counsel's ineffectiveness cannot be used to salvage an otherwise untimely PCRA petition. *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005).[3] At best, Orton-McIntyre's discovery of the report constitutes a newly discovered fact to support her previously raised claim of trial counsel's

_____

[2] Given that she pled guilty, Orton-McIntyre is referring to expert testimony presented at her preliminary hearing. *See* Orton-McIntyre's Brief at 5.

[3] Regarding Orton-McIntyre's claim that PCRA counsel was ineffective, we note that in *Commonwealth v. Bradley*, 261 A.3d 381, 404 n.18 (Pa. 2021), our Supreme Court rejected the Pennsylvania Innocence Project's contention in an *amicus* brief that the "discovery" of initial PCRA's ineffectiveness would constitute a "new fact" allowing a petitioner to overcome the PCRA's time bar in a serial PCRA petition.

ineffectiveness.  **See Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. 2015) (explaining that focus of PCRA's time-bar exception is on newly discovered facts, not a newly discovered or newly willing source for previously known facts).

Thus, because Orton-McIntyre's second PCRA petition was untimely, both the PCRA court and this Court lack jurisdiction to consider its merits. **Derrickson**, *supra*.  We therefore affirm the PCRA court's order dismissing Orton-McIntyre's petition.[4]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/10/2025

---

[4] Even if we had jurisdiction, Orton-McIntyre's challenges to the validity of her guilty plea would not entitle her to relief because this was previously litigated in her first PCRA petition.  **See** 42 Pa.C.S.A. § 9544(a)(3).